**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **Association of American Physicians and Surgeons Educational Foundation,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 3:22-cv-00240** |
| | : | |
| **v.** | : | |
| | : | |
| **American Board of Internal Medicine, American Board of Obstetrics & Gynecology, American Board of Family Medicine, and Alejandro Mayorkas, in his official capacity as the Secretary of the U.S. Department of Homeland Security,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**MOTION OF DEFENDANTS ABFM AND ABIM TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

GERGER HENNESSY & MARTIN LLP

David Gerger
State Bar No. 07816360
Federal Bar ID 10078
dgerger@ghmfirm.com
700 Louisiana, Suite 2300
Houston, Texas 77002
Tel. 713.224.4400

BALLARD SPAHR LLP

Paul Lantieri III (admitted *pro hac vice*)
lantierip@ballardspahr.com
Leslie E. John (admitted *pro hac vice*)
john@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215.665.8500
Fax 215.864.8999

*Attorneys for Defendant
American Board of Internal Medicine*

THOMPSON, COE, COUSINS & IRONS, L.L.P.

Barry A. Moscowitz
State Bar No. 24004830
Federal Bar ID 31054
bmoscowitz@thompsoncoe.com
Cassie J. Dallas
State Bar No. 24074105
Federal Bar ID 1512089
cdallas@thompsoncoe.com
Shelby G. Hall
State Bar No. 24086717
Federal Bar ID 3192009
shall@thompsoncoe.com
Alanna Maza
State Bar No. 24125806
Federal Bar ID 3738119
amaza@thompsoncoe.com
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
*Attorneys for Defendant
American Board of Family Medicine*

In this motion, two of the defendants—the American Board of Family Medicine ("ABFM") and the American Board of Internal Medicine ("ABIM") (collectively, the "Boards")—move to dismiss the Complaint of plaintiff, Association of American Physicians and Surgeons Educational Foundation ("AAPS"), under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

In a separate motion, ABFM and ABIM, along with defendant American Board of Obstetrics & Gynecology (collectively, the "Board Defendants"), are moving in the alternative for dismissal under Rule 12(b)(1) for lack of standing, and under Rule 12(b)(6) for failure to state a claim.  Because the Board Defendants fully set forth the background for this case in that motion, they set forth herein only the limited background relevant to this motion.

## I.    INTRODUCTION

In this action, Arizona-based AAPS asserts claims against Kentucky-based ABFM and Pennsylvania-based ABIM.

AAPS co-sponsors medical conferences.  ABFM and ABIM are private medical certification organizations.   AAPS contends that by establishing and enforcing professionalism standards that include policies against the dissemination of false medical information, ABFM and ABIM have chilled physician speech about such topics as Covid treatments, Covid vaccines, abortion, and contraception, and thereby harmed AAPS's ability to make money co-sponsoring medical conferences.  In their other motion to dismiss, the Board Defendants explain why AAPS fails to state any of its claims (for violation of the First Amendment and the Sherman Antitrust Act, and for tortious

inference) based on that theory.

As a threshold matter, however, AAPS's Complaint should be dismissed as to ABFM and ABIM because this Court does not have personal jurisdiction over them. The sole grounds that AAPS asserts for jurisdiction are that ABFM and ABIM certify physicians in Texas; ABIM has sent a letter to a physician in Texas—not to AAPS—in connection with its enforcement of its false medical information policy; and AAPS co-sponsors conferences in the Southern District of Texas, among other places, and supposedly "plans" to hold an event within the Galveston Division. These allegations fall well short of supporting either general or specific personal jurisdiction in this Court.

## II.     BACKGROUND

ABIM is an Iowa nonprofit corporation[1] with its headquarters in Philadelphia, Pennsylvania, and ABFM is a Missouri nonprofit corporation with its headquarters in Lexington, Kentucky. ECF 1 ¶¶ 19, 21.

ABFM and ABIM are private, non-profit evaluation organizations. *Id.* They each establish uniform standards and certify physicians in their respective specialties who meet certain educational and training requirements, and pass certification exams. *See id.* Board certification is voluntary. It is not required to practice medicine in any state. State licensing boards alone determine the fitness of physicians to practice medicine. *Id.* ¶ 8.

Physicians who choose to seek certification from the Board Defendants agree to be

---

[1]     *See* ABIM's Bylaws, § 1.3, *avail. at* https://www.abim.org/about/boards-and-committees/board-policies/bylaws-of-the-abim-board-of-directors/ (last visited September 26, 2022).

bound by the boards' policies, including those setting forth ethics and professionalism standards, and agree that they must remain in compliance with such policies to maintain their certifications.  For example, in its Policies & Procedures for Certification ("ABIM P&P"), ABIM states that it

> may impose disciplinary sanctions, including the suspension or revocation of Board Certification . . . , if ABIM obtains evidence that in its judgment demonstrates that a candidate or diplomate: (1) has had a license to practice medicine restricted in any jurisdiction . . . ; (2) engaged in irregular or improper behavior or other misconduct in connection with an ABIM examination; (3) made a material misstatement of fact or omission in connection to ABIM with an application, or misrepresented his or her Board Certification . . . or Board Eligibility status to anyone; (4) failed to maintain moral, ethical or professional behavior satisfactory to ABIM; or (5) engaged in misconduct that adversely affects professional competence or integrity.

*See Id.* ¶ 37; ABIM P&P, "Disciplinary Sanctions and Appeals," *avail. at* https://www.abim.org/certification/policies/general-policies (last visited September 26, 2022).  ABIM's certified physicians (its "diplomates") are specifically subject to sanction for disseminating false or inaccurate information:

> While ABIM recognizes the importance of legitimate scientific debate, physicians have an ethical and professional responsibility to provide information that is factual, scientifically grounded, and consensus driven.  Providing false or inaccurate information to patients or the public is unprofessional and unethical, and violates the trust that the profession of medicine and the public have in ABIM Board Certification.  Therefore, such conduct constitutes grounds for disciplinary sanctions.

ABIM P&P, "False or Inaccurate Medical Information."

ABFM likewise establishes and enforces policies and guidelines, including

3

professionalism standards set forth in the Guidelines for Professionalism, Licensure, and Personal Conduct of the American Board of Family Medicine (ABFM), that its diplomates agree to uphold.[2]

AAPS alleges that ABIM and ABFM, consistent with those standards, have "sent letters to physicians threatening them with revocation" of their certifications based on their public statements about Covid.  ECF 1 ¶¶ 3, 6.  AAPS further alleges that ABIM, but not ABFM, sent one such letter to a Texas physician.  *Id.* ¶ 24.  Beyond that allegation and the allegations that ABFM and ABIM "do business within this venue" by "certifying physicians here," *id.* ¶¶ 19, 21, 24, AAPS does not make any other allegation linking either ABIM or ABFM's conduct to Texas.

AAPS also is not a Texas entity.  It is incorporated and headquartered in Arizona. *Id.* ¶ 18.  Its lone alleged connection to Texas is that it "co-sponsors events in Texas and within the Southern District of Texas, and plans to hold an event within this Galveston division."  *Id.* ¶ 24.  AAPS does not allege any other facts about any events it has co-sponsored in Texas; about the event it supposedly "plans" to hold in Galveston; or about how ABIM or ABFM's conduct supposedly impacted those prior or planned events.  Nor does AAPS make a single factual allegation that either ABFM or ABIM engaged in any conduct directed toward AAPS.

---

[2]   *See* Guidelines for Professionalism, Licensure, and Personal Conduct of the American Board of Family Medicine (ABFM), *avail. at* https://www.theabfm.org/sites/default/files/PDF/ABFMGuidelines.pdf (last visited September 22, 2022).

4

### III.    ARGUMENT

#### A.    Legal Standard

Dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure is warranted when a court lacks personal jurisdiction over the defendant.  The plaintiff bears the burden of establishing that the Court has jurisdiction over any nonresident defendant, which may be met with a *prima facie* showing.  *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). AAPS has not met—and, given the nature of its allegations, cannot meet—that burden.

A federal district court may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant, and the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution.  *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).  Due process requires the satisfaction of two elements:  (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

"There are two types of 'minimum contacts':  those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). "General personal jurisdiction is found when the nonresident

defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999) (citation omitted). Specific personal jurisdiction is established through the defendant's contacts with the forum state arising from, or related to, the cause of action. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996)

AAPS does not and cannot allege facts that, even if proven, would establish general or specific personal jurisdiction over ABFM or ABIM.

### B.    ABFM and ABIM Are Not Subject to General Jurisdiction in Texas

The "continuous and systematic contacts test [for general personal jurisdiction] is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citations omitted). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (citation omitted).

As the Supreme Court has summarized, general jurisdiction over a foreign defendant exists only when the defendant's contacts with the forum state are so continuous and systematic that the defendant is "essentially at home" in the state. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). The Fifth Circuit has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues. *See, e.g.*,

*Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction even though the defendant routinely arranged and received interline shipments to and from Texas and regularly sent salespeople to Texas to develop business, negotiate contracts, and service national accounts); *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) (emphasizing that a nonresident defendant must have a business presence in Texas). Thus, the Fifth Circuit has underscored that it is "***incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business***." *Ritter*, 768 F.3d at 432 (emphasis added; citations omitted).

Neither ABFM nor ABIM is incorporated or has its principal place of business in Texas. ECF 1 ¶ 19, 21. Accordingly, they could only be subject to general jurisdiction in an "exceptional case" when they could be considered "at home" in Texas. *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 337-38 (5th Cir. 2020) (citing *Daimler*, 571 U.S. at 138-39). This is no such exceptional case. "Exceptional cases" occur when the forum state is the "center of the corporation's activities." *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, Civ. Act. No. H-18-2142, 2019 WL 3713724, at *2 (S.D. Tex. Jan. 25, 2019) (citing *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)). A "textbook" example of such a case occurred when a mining corporation located in the Philippine Islands moved its operations to Ohio during World War II. *See Beneplace, Inc. v. Davita, Inc.*, Case No. 1:21-CV-00070-RP, 2021 WL 2905417, at *3 (W.D. Tex. July 9, 2021) (citing *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 448 (1952)). General jurisdiction was proper in Ohio, which became "the center of the corporation's

wartime activities," because the corporation conducted business there, kept files there, and made key business decisions there. *Id.*

Here, in contrast, ABFM and ABIM certify physicians who live in all fifty states and some foreign countries, including those who live or practice in Texas. AAPS does not and cannot allege that the Boards have any business operations in Texas. The only other potentially relevant allegation AAPS makes regarding ABFM is that it sent letters to "targeted physicians [that] have criticized positions promoted by Dr. Fauci." ECF 1 ¶ 46. AAPS does not identify the physicians, allege whether they are located in Texas, or allege any conduct in or directed to Texas. As to ABIM, AAPS alleges that ABIM sent a single letter concerning its professionalism standards to "one prominent physician in Texas." *Id.* ¶ 8.

These allegations fall far short of establishing the type of contacts necessary for general jurisdiction. *See Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.*, No. 4:15-CV-625-DBB, 2015 WL 9489507, at *5 (E.D. Tex. Dec. 30, 2015) ("[T]he administration of [National Board of Osteopathic Medical Examiners] examinations in Texas (as well as in all 50 states) does not constitute the requisite substantial, continuous, and systematics contacts necessary for a finding of general jurisdiction . . . .") (cleaned up). Although an organization like ABFM or ABIM may operate "in many places, it cannot be deemed at home in all of them because unpredictability would follow and jurisdictional rules are meant to promote greater predictability." *Frank*, 947 F.3d at 337 (quoting *Daimler*, 571 U.S. at 137, 139 n. 20).

Because Texas is not the center of ABFM or ABIM's activities, they are not subject

to general jurisdiction here.

### C.    ABFM and ABIM Are Not Subject to Specific Jurisdiction in Texas

Specific jurisdiction focuses "on the relationship among the defendant, the forum, and the litigation." *Ritter*, 768 F.3d at 432-33.  It arises only when (1) the nonresident defendant purposefully avails itself of the privileges of conducting activities in the forum state, and (2) the controversy arises out of or is related to the defendant's contacts with the forum state. *Choice Healthcare, Inc. v. Kaiser Found. Health Plan*, 615 F.3d 364, 369 (5th Cir. 2010).  In addition, exercising specific jurisdiction must be "fair and reasonable" to the defendant. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In other words, specific jurisdiction requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action. *Clemens v. McNamee*, 615 F.3d 374, 378-79 (5th Cir. 2010).  This is a claim-specific inquiry. *Seiferth*, 472 F.3d at 274 ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.").  ABFM and ABIM are not subject to jurisdiction in this Court because AAPS does not—and cannot—satisfy any of the three requirements: it does not adequately plead that ABFM and ABIM purposefully directed their activities into Texas, that its claims arise out of the ABFM and ABIM's contacts with Texas, or that it would be fair and reasonable for ABFM and ABIM to face suit in Texas.

### 1.    *The Boards Did Not Purposefully Direct Their Activities to Texas*

As discussed above, AAPS does not allege that ABFM or ABIM purposefully directed their conduct toward Texas.  The fact that they certify physicians in Texas is not sufficient.  Interactions with individuals in the forum state that are incidental to the

9

underlying claims are insufficient to establish personal jurisdiction. *See Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101-02 (5th Cir. 2018) (citing *Walden v. Fiore*, 571 U.S. 277 (2014)); *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (holding that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction" when the contact is incidental to the underlying transaction at issue). AAPS does not allege any other conduct by ABFM involving Texas at all, much less conduct that was purposefully directed to Texas. And the allegation that ABIM sent one letter to a physician in Texas concerning that physician's certification is not sufficient to confer jurisdiction in Texas. "[M]ere communications or negotiations with a resident of the forum state were not enough to subject non-resident defendants to the forum state's jurisdiction." *Lewis*, 252 F.3d at 359 (citing *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir. 1992) (per curiam) (one telephone call and one letter not enough to confer personal jurisdiction)); *see also, e.g.*, *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 542 (5th Cir. 2019) (explaining that a demand letter threatening litigation is not enough to create specific jurisdiction); *Mr. Showers, LLC v. Mr. Shower Door, Inc.*, Civ. Act. No. 4:21-CV-00520, 2021 WL 5918921, at *3 (E.D. Tex. Dec. 15, 2021) (a cease and desist letter "alone is insufficient for this Court to exercise jurisdiction over Defendant").

### 2.    *AAPS's Claims Do Not Arise from the Boards' Limited Contacts with Texas*

Even if the Boards' limited contacts with Texas were sufficient to satisfy the first prong of the specific jurisdiction analysis, AAPS could not establish specific jurisdiction

because those contacts did not give rise to AAPS's claims.  Again, AAPS alleges that the Boards certify Texas physicians, but AAPS's claims do not arise from certification.

Instead, AAPS appears to rest its assertion that this Court has jurisdiction on its speculative and remote claim that the Boards' enforcement of their professionalism standards against already-certified physicians caused it to lose revenue on conferences that it co-sponsors or plans to co-sponsor in Texas.  AAPS alleges that there was a chilling effect on speakers at conferences, a corresponding decrease in attendance at those events, lost internet traffic with respect to a decrease in videos posted from those events, and a decline in conference fees and donations.

Neither ABFM nor ABIM could have anticipated—or had fair warning— that they could be haled into a Texas court by AAPS, an Arizona organization, when they sent letters to unidentified, non-party physicians concerning those physicians' certifications.  As discussed in the Board Defendants' separate motion to dismiss, those letters do not give rise to any cognizable cause of action by AAPS.  In any event, AAPS alleges nothing at all linking the Board's letters to any of its claims—that is, there is no allegation that the recipient of any letter declined to participate in an AAPS co-sponsored conference, asked AAPS not to post their presentations online, or did anything at all.  Moreover, AAPS does not allege that its only locale for conferences is Texas, nor does it suggest that its internet postings or donation solicitations have anything to do with Texas.  It would be entirely speculative to suggest that any of AAPS's claims arises from any of the Boards' limited contacts with Texas.

## IV.    CONCLUSION

For all the reasons set forth above, this Court does not have personal jurisdiction over ABFM and ABIM.   Therefore, the Court should grant this motion—or in the alternative, grant the Board Defendants' forthcoming motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure—and dismiss AAPS's Complaint with prejudice, and grant the Board Defendants such other and further relief as the Court deems just and proper.

Dated:  September 26, 2022

Respectfully submitted,

GERGER HENNESSY & MARTIN LLP

THOMPSON, COE, COUSINS & IRONS, L.L.P.

*/s/ David Gerger*
David Gerger
State Bar No. 07816360
Federal Bar ID 10078
dgerger@ghmfirm.com
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400

BALLARD SPAHR LLP

Paul Lantieri III (admitted *pro hac vice*)
lantierip@ballardspahr.com
Leslie E. John (admitted *pro hac vice*)
john@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215.665.8500
Fax 215.864.8999

*Attorneys for Defendant*
*American Board of Internal Medicine*

*/s/ Barry A. Moscowitz*
Barry A. Moscowitz
State Bar No. 24004830
Federal Bar ID 31054
bmoscowitz@thompsoncoe.com
Cassie J. Dallas
State Bar No. 24074105
Federal Bar ID 1512089
cdallas@thompsoncoe.com
Shelby G. Hall
State Bar No. 24086717
Federal Bar ID 3192009
shall@thompsoncoe.com
Alanna Maza
State Bar No. 24125806
Federal Bar ID 3738119
amaza@thompsoncoe.com
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

*Attorneys for Defendant*
*American Board of Family Medicine*

## CERTIFICATE OF CONFERENCE

On August 22, 2022, the parties conferred and agreed to a consolidated schedule for briefing on the defendants' anticipated motions to dismiss. The Court entered a stipulated scheduling order on August 26, 2022. ECF 11. Counsel for defendants further confirmed with counsel for plaintiff that they had fulfilled the requirements set forth in Rule 6 of the Galveston District Court Rules of Practice.

Dated: September 26, 2022

GERGER HENNESSY & MARTIN LLP

*/s/ David Gerger*
David Gerger
State Bar No. 07816360
Federal Bar ID 10078
dgerger@ghmfirm.com
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400

BALLARD SPAHR LLP

Paul Lantieri III (admitted *pro hac vice*)
lantierip@ballardspahr.com
Leslie E. John (admitted *pro hac vice*)
john@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215.665.8500
Fax 215.864.8999

*Attorneys for Defendant*
*American Board of Internal Medicine*

THOMPSON, COE, COUSINS & IRONS, L.L.P.

*/s/ Barry A. Moscowitz*
Barry A. Moscowitz
State Bar No. 24004830
Federal Bar ID 31054
bmoscowitz@thompsoncoe.com
Cassie J. Dallas
State Bar No. 24074105
Federal Bar ID 1512089
cdallas@thompsoncoe.com
Shelby G. Hall
State Bar No. 24086717
Federal Bar ID 3192009
shall@thompsoncoe.com
Alanna Maza
State Bar No. 24125806
Federal Bar ID 3738119
amaza@thompsoncoe.com
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

*Attorneys for Defendant*
*American Board of Family Medicine*

**CERTIFICATE OF SERVICE**

I, David Gerger, hereby certify that on this 26th day of September 2022, I electronically submitted the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ *David Gerger*
David Gerger