IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BOARD OF INTERNAL MEDICINE, et al.,<br><br>Defendants. | Case No. 3:22-cv-240 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f) of the**
**Federal Rules of Civil Procedure**

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.

Counsel for all the parties met on October 27 at 3pm by a telephone conference call. Counsel discussed all the relevant issues in depth at that time. Counsel who spoke during this Rule 26(f) telephone conference call included counsel for all the parties as identified below:

Laurel H. Lum (spoke at the Rule 26(f) telephone conference)
New York Bar No. 5729728
Department of Justice, Civil Division,
Federal Programs Branch
1100 L Street NW,
Washington, DC 20005
(202) 305-8177
laurel.h.lum@usdoj.gov

ATTORNEYS FOR DEFENDANT ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the U.S. Department of Homeland Security

David Gerger
GERGER HENNESSY & MARTIN LLP
State Bar No. 07816360
Federal Bar ID 10078
dgerger@ghmfirm.com
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400

Paul Lantieri III (admitted pro hac vice) (spoke at the Rule 26(f) telephone conference)
lantierip@ballardspahr.com
Leslie E. John (admitted pro hac vice) (spoke at the Rule 26(f) telephone conference)
john@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215.665.8500
Fax 215.864.8999

ATTORNEYS FOR DEFENDANT AMERICAN BOARD OF INTERNAL MEDICINE


Barry A. Moscowitz (spoke at the Rule 26(f) telephone conference)
State Bar No. 24004830
Federal Bar ID 31054
bmoscowitz@thompsoncoe.com
Cassie J. Dallas (spoke at the Rule 26(f) telephone conference)
State Bar No. 24074105
Federal Bar ID 1512089
cdallas@thompsoncoe.com
Shelby G. Hall
State Bar No. 24086717
Federal Bar ID 3192009
shall@thompsoncoe.com
Alanna Maza
State Bar No. 24125806
Federal Bar ID 3738119
amaza@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832

Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

ATTORNEYS FOR DEFENDANT AMERICAN BOARD OF FAMILY MEDICINE


Ashley Parrish (spoke at the Rule 26(f) telephone conference)
State Bar No.: 15536850
aparrish@mcginnislaw.com
MCGINNIS LOCHRIDGE LLP
500 N. Akard St., Ste. 2250
Dallas, TX 75201
(214) 307-6960
(214) 307-6990 FAX

Marcus Eason
State Bar No.: 24092374
meason@mcginnislaw.com
MCGINNIS LOCHRIDGE LLP
609 Main St., Ste. 2800
Houston, TX 77002
(713) 615-8500
(713) 615-8585 FAX

ATTORNEYS FOR DEFENDANT AMERICAN BOARD OF OBSTETRICS & GYNECOLOGY


Andrew L. Schlafly (spoke at the Rule 26(f) telephone conference)
New Jersey Bar ID 04066-2003
SD Texas Bar ID NJ04066
Attorney at Law
939 Old Chester Road
Far Hills, NJ 07931
(908) 719-8608
aschlafly@aol.com
ATTORNEY FOR PLAINTIFF ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

None.

3. Briefly describe what this case is about.

This action is brought by a co-sponsor of medical conferences and publisher of educational materials on the internet, Plaintiff AAPS, against Defendants American Board of Internal Medicine ("ABIM"), American Board of Family Medicine ("ABFM"), American Board of Obstetrics and Gynecology ("ABOG"") (collectively, the "Board Defendants"), and Alejandro Mayorkas, in his official capacity as the Secretary of the U.S. Department of Homeland Security. Plaintiff contends that this action arises from Defendants' alleged unprecedented campaigns to censor speech that they falsely disparage as "misinformation" or "disinformation." Plaintiff further alleges that Defendants wrongly misuse their authority in a politically partisan manner to chill speech critical of positions taken by Dr. Anthony Fauci, lockdowns, mask mandates, Covid vaccines and even abortion. Plaintiff alleges Defendants have acted in an apparently coordinated manner, using similar timing and terminology, to censor those who exercise their First Amendment rights on issues of public concern.

Plaintiff has brought causes of action for violation by all Defendants of the First Amendment right of freedom of speech, violation by Defendant Mayorkas of the Administrative Procedure Act, tortious interference with business relations by the Board Defendants, the Board Defendants' violation of Section 2 of the Sherman Act, and a declaratory judgment against all Defendants.

Defendants have filed three motions to dismiss. The Board Defendants have filed a motion to dismiss (ECF No. 23) on the grounds that Plaintiff lacks standing for its claims against them, and that even if it did have standing, its claims would fail as a matter of law because: (i) the Board Defendants are private actors and their alleged conduct is not state action subject to the First Amendment; (ii) Plaintiff does not allege conduct redressable by the Sherman Act and cannot adequately plead the elements of a Sherman Act claim; and (iii) Plaintiff does not plausibly plead the elements of a tortious interference claim. In addition, ABIM and ABFM have filed a motion to dismiss for lack of personal jurisdiction (ECF No. 21). And Defendant Mayorkas has filed a motion to dismiss (ECF No. 20) on the grounds that Plaintiff's claims against him are moot, that Plaintiff lacks standing to bring the majority of its claims, and that Plaintiff fails to state a claim on the merits in any event.

4. Specify the allegation of federal jurisdiction.

Plaintiff contends that this action arises out of federal law: Defendants' ongoing violations of the First Amendment of the U.S. Constitution, the Board Defendants' violation of the Sherman Act, 15 U.S.C. § 2, and Defendant Mayorkas's violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706. Plaintiff contends that this action thereby raises federal questions over which this Court has jurisdiction pursuant

to 28 U.S.C. §§ 1331 and 1361.  Plaintiff also asserts that this Court also has jurisdiction over the Sherman Act claim under 28 U.S.C. § 1337 and 15 U.S.C. §§ 15, 26, and supplemental jurisdiction over the claim for tortious interference exists under 28 U.S.C. § 1367.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

All Defendants challenge standing, which is a jurisdictional objection, and Defendants ABIM and ABFM challenge personal jurisdiction.  As noted in Section 3, the Board Defendants contend that this Court does not have subject matter jurisdiction because Plaintiff lacks standing for the claims it asserts.  In addition, ABIM and ABFM contend that the Court does not have personal jurisdiction over them.

Defendant Mayorkas argues that all of Plaintiff's claims against Secretary Mayorkas are moot because the Disinformation Governance Board no longer exists, that Plaintiff lacks Article III standing to bring its First Amendment claim against Secretary Mayorkas due to the lack of traceability and redressability, and that Plaintiff lacks Article III standing to bring the majority of its FACA claims against Secretary Mayorkas due to the lack of an injury-in-fact.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7. List anticipated interventions.

None.

8. Describe class action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.

Counsel for the parties discussed this during their Rule 26(f) conference, and agreed to complete and exchange their initial disclosures prior to the pretrial conference on November 9, 2022, with the exception of Defendant Mayorkas, who the parties agree, for purposes of this report, need not make initial disclosures due to Rule 26(a)(1)(B)(i).

10. Describe the proposed agreed discovery plan, including:

Counsel for the parties discussed this during their Rule 26(f) conference, and agreed that discovery should be deferred until resolution of the pending motions to dismiss because the motions could be dispositive of all of Plaintiff's claims, and even if they are granted in part would eliminate some claims and thereby reduce the scope of relevant discovery. Meanwhile, given the nature and scope of Plaintiff's claims, proceeding with discovery would be burdensome and expensive for all parties. Accordingly, all parties agree that a stay of discovery pending resolution of the motions to dismiss would be in the best interest of the parties and the Court. In the event the Court denies the motions to dismiss in whole or in part, the parties would promptly agree upon an expeditious schedule for fact and expert discovery, with the exception of Defendant Mayorkas, who maintains that the nature of Plaintiff's claims against him do not warrant discovery and, instead, would be appropriately reviewed on an administrative record, which Defendant Mayorkas would produce during summary judgment briefing if the Court denied Defendant Mayorkas's motion to dismiss in whole or in part. Should the Court wish for the parties to file a motion to this effect, they would be prepared to do so promptly.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

No known disagreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None; see Section 10.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Full settlement among all the parties is unlikely at this stage. Defendants believe that their motions to dismiss should be granted, and therefore that settlement is unlikely with the motions pending. Nevertheless, the parties discussed the possibility of exploring potential grounds for settlement during the Rule 26(f) conference, and certain parties expressed willingness to explore further whether a partial settlement of some issues may be achievable.

14. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

The parties discussed the possibilities of settlement in the Rule 26(f) conference call as set forth in Section 13.

15. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

None.

16. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and nonjury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.

The parties respectfully decline to consent to a trial before a magistrate.

17. State whether a jury demand has been made and if it was made on time.

No such demand has been made.

18. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

5 days or less.

19. List pending motions that could be ruled on at the initial pretrial conference.

None.

20. List other motions pending.

Defendants' motions to dismiss are pending, with briefing to be completed by December 16, 2022 in accordance with the schedule agreed upon by the parties and entered by the Court (ECF No. 11).

21. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the Conference.

None.

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

Plaintiff filed its Disclosure of Interested Parties on August 1, 2022 (ECF No. 6).

ABIM filed its Disclosure of Interested Parties on September 7, 2022 (ECF No. 12).
ABFM filed its Disclosure of Interested Parties on October 24, 2022 (ECF No. 26).
Defendant Mayorkas filed his Disclosure of Interested Parties on October 28, 2022 (ECF No. 27).
ABOG filed its Disclosure of Interested Parties on October 28, 2022 (ECF No. 28).

Dated: October 31, 2022

Respectfully submitted,

/s/ *Andrew L. Schlafly*

Andrew L. Schlafly
Attorney-in-charge
State of New Jersey Bar ID 04066-2003
SD Texas Bar ID NJ04066
939 Old Chester Rd.
Far Hills, NJ 07931
Tel: 908-719-8608
Fax: 908-934-9207
Email: aschlafly@aol.com

**ATTORNEY FOR PLAINTIFF ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION**

*/s/ Laurel H. Lum*
Laurel H. Lum
New York Bar No. 5729728
Department of Justice, Civil Division,
Federal Programs Branch
1100 L Street NW,
Washington, DC 20005
(202) 305-8177
laurel.h.lum@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General, Civil Division

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

**ATTORNEYS FOR DEFENDANT ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the U.S. Department of Homeland Security**

GERGER HENNESSY & MARTIN LLP

*/s/ David Gerger*
David Gerger
State Bar No. 07816360
Federal Bar ID 10078
dgerger@ghmfirm.com
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400

BALLARD SPAHR LLP

*/s/ Paul Lantieri*
Paul Lantieri III (admitted *pro hac vice*)
lantierip@ballardspahr.com
Leslie E. John (admitted *pro hac vice*)
john@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215.665.8500
Fax 215.864.8999

**ATTORNEYS FOR DEFENDANT AMERICAN BOARD OF INTERNAL MEDICINE**

*/s/ Barry A. Moscowitz*

Barry A. Moscowitz
State Bar No. 24004830
Federal Bar ID 31054
bmoscowitz@thompsoncoe.com
Cassie J. Dallas
State Bar No. 24074105
Federal Bar ID 1512089
cdallas@thompsoncoe.com
Shelby G. Hall
State Bar No. 24086717
Federal Bar ID 3192009
shall@thompsoncoe.com
Alanna Maza

9

Case 3:22-cv-00240 Document 29 Filed on 10/31/22 in TXSD Page 10 of 11

State Bar No. 24125806
Federal Bar ID 3738119
amaza@thompsoncoe.com
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT AMERICAN BOARD OF FAMILY MEDICINE**

*/s/ Ashley Parrish*
Ashley Parrish
State Bar No.: 15536850
aparrish@mcginnislaw.com
**MCGINNIS LOCHRIDGE LLP**
500 N. Akard St., Ste. 2250
Dallas, TX 75201
(214) 307-6960
(214) 307-6990 FAX

Marcus Eason
State Bar No.: 24092374
meason@mcginnislaw.com
**MCGINNIS LOCHRIDGE LLP**
609 Main St., Ste. 2800
Houston, TX 77002
(713) 615-8500
(713) 615-8585 FAX

**ATTORNEYS FOR DEFENDANT AMERICAN BOARD OF OBSTETRICS & GYNECOLOGY**

## CERTIFICATE OF SERVICE

    I certify that on October 31, 2022, I filed a true and accurate copy of the foregoing document electronically via CM/ECF with the Court, which thereby served counsel of record for all the parties.

*/s/ Andrew L. Schlafly*
Andrew L. Schlafly
