# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **Association of American Physicians and Surgeons Educational Foundation, Pierre Kory, M.D., Paul Marik, M.D., Karl N. Hanson, M.D.,** | : : : : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 3:22-cv-00240** |
| | : | |
| **American Board of Internal Medicine, American Board of Obstetrics & Gynecology, American Board of Family Medicine, and Alejandro Mayorkas, in his official capacity as the Secretary of the U.S. Department of Homeland Security,** | : : : : : : : | |
| | | |
| **Defendants.** | | |

---

### DEFENDANT AMERICAN BOARD OF FAMILY MEDICINE'S
### RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

THOMPSON, COE, COUSINS & IRONS, L.L.P.

Barry A. Moscowitz
State Bar No. 24004830
Federal Bar ID 31054
bmoscowitz@thompsoncoe.com
Cassie J. Dallas
State Bar No. 24074105
Federal Bar ID 1512089
cdallas@thompsoncoe.com
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

*Attorneys for Defendant American Board of Family Medicine*

TABLE OF AUTHORITIES

**Page(s)**

CASES

*Air Tropiques, Sprl v. Northern & Western Ins. Co.*,
No. H–13–1438, 2014 WL 1323046 (S.D. Tex. March 31, 2014) ........................... 8, 9

*Aviles v. Kunkle*,
978 F.2d 201 (5th Cir.1992) (per curiam) ................................................. 13

*BNSF Ry. Co. v. Tyrrell*,
581 U.S. 402 (2017) ......................................................................... 8

*Bristol-Myers Squibb Co. v. Sup. Ct. of Col., S.F. Cty.*,
582 U.S. 255 ................................................................................ 10

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016) ............................................................... 7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ..................................................................... 5, 14

*Calder v. Jones*,
465 U.S. 783 (1984) ....................................................................... 14

*Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.*,
No. 4:15-CV-625-DBB, 2015 WL 9489507 (E.D. Tex. Dec. 30, 2015) ...................... 9

*Clemens v. McNamee*,
615 F.3d 374 (5th Cir. 2010) .............................................................. 11

*Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*,
963 F.2d 90 (5th Cir. 1992) ............................................................... 5

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .................................................................. 6, 7, 10

*In re DePuy Orthopaedics, Inc.*,
888 F.3d 753 (5th Cir. 2018) .............................................................. 5

*Ethridge v. Samsung SDI Co.*,
617 F. Supp. 3d 638 (S.D. Tex. 2022) ..................................................... 13

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) ................................................................. 10, 16

*Frank v. P N K (Lake Charles) L.L.C.*,
  947 F.3d 331 (5th Cir. 2020) ......................................... 6, 7, 8, 10

*Gardemal v. Westin Hotel Co.*,
  186 F.3d 588 (5th Cir. 1999) ................................................... 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ........................................................... 6, 7, 8

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*,
  85 F.3d 201 (5th Cir. 1996) ................................................... 5

*Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
  921 F.3d 522 (5th Cir. 2019) ................................................. 13

*Hanson v. Denckla*,
  357 U.S. ................................................................................. 16

*Holt Oil & Gas Corp. v. Harvey*,
  801 F.2d 773 (5th Cir. 1986) ................................................. 12

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ............................................................... 16

*Johnson v. TheHuffingtonPost.com, Inc.*,
  21 F.4th 314 (5th Cir. 2021) ................................................. 11

*Johnston v. Multidata Sys. Int'l Corp.*,
  523 F.3d 602 (5th Cir. 2008) ................................................. 5

*Lewis v. Fresna*,
  252 F.3d 352 (5th Cir. 2001) ................................................. 12

*Lowe v. MAC Fed. Credit Union*,
  2018 WL 2422999 (W.D. Tex. May 29, 2018) ......................... 7

*Marathon Oil Co. v. A.G. Ruhrgas*,
  182 F.3d 291 (5th Cir. 1999) ................................................. 5

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ................................................. 11

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) .......................................................................... 4, 8, 10

*Mr. Showers, LLC v. Mr. Shower Door, Inc.*,
    Civ. Act. No. 4:21-CV-00520, 2021 WL 5918921 (E.D. Tex. Dec. 15, 2021) .......... 13

*Mullins v. TestAmerica, Inc.*,
    564 F.3d 386 (5th Cir. 2009) .......................................................................... 5

*Nunes v. NBC Universal Media, LLC*,
    582 F. Supp. 3d 387 (E.D. Tex. 2022) ......................................................... 6, 8, 9

*Orgeron v. Opryland, U.S.A.*,
    No. 92-2657, 1993 WL 192200 (E.D. La. June 3, 1993) .............................. 9

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) .......................................................................... 13

*Perkins v. Benguet Consol. Mining Co.*,
    342 U.S. 437 (1952) .................................................................................... 7, 8

*Revell v. Lidov*,
    317 F.3d 467 (5th Cir. 2002) .......................................................................... 6

*Sangha v. Navig8 ShipMgmt. Private Ltd.*,
    882 F.3d 96 .................................................................................................. 12, 13

*Seiferth v. Helicopteros Atuneros, Inc.*,
    472 F.3d 266 (5th Cir. 2006) .......................................................................... 11

*Stroman Realty, Inc. v. Wercinski*,
    513 F.3d 476 (5th Cir. 2008) .......................................................................... 5

*Submersible Sys., Inc. v. Perforadora Cent., S.A.*,
    249 F.3d 413 (5th Cir. 2001) .......................................................................... 6

*Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*,
    Civ. Act. No. H-18-2142, 2019 WL 3713724 (S.D. Tex. Jan. 25, 2019) ................. 4, 8

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................... 12, 14

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .................................................................................... 16

iv

*Zoch v. Daimler, AG,*
    No. 6:16-CV-00057, 2017 WL 2903264 (E.D. Tex. May 16, 2017) ........................ 8, 9

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 17.042 ............................................................................ 12

**RULES**

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 1, 4

Local Rule 5(f) .................................................................................................................. 1

# I.

## INTRODUCTION

The American Board of Family Medicine (ABFM) moves to dismiss the Amended Complaint of Plaintiffs Association of American Physicians and Surgeons Educational Foundation (AAPS), Pierre Kory, M.D., Paul Marik, M.D., and Karl N. Hanson, M.D. (collectively Plaintiffs), under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

In separate a motion, ABFM seeks dismissal of Plaintiffs' claims under Rule 12(b)(6) for failure to state a claim and dismissal of Plaintiffs' Sherman Act claims on 12(b)(1) grounds. That motion fully sets forth the factual and procedural history of this case, including a section addressing the nature and stage of proceedings. *See* Local Rule 5(f). Only the limited background relevant to this motion is set forth herein.

# II.

## SUMMARY OF THE ARGUMENT

In this action, Arizona-based AAPS and a Louisiana-resident physician, Karl N. Hanson, M.D., assert claims against Kentucky-based ABFM. ABFM is a private medical certification organization with no employees, offices, or property in Texas. **Exhibit A**, Declaration of Kevin Rhode (Rode Decl.), at ¶ 3. While physicians who reside in Texas may seek ABFM credentials, ABFM does not "do business" in Texas and has not targeted any action toward Texas.

AAPS is a co-sponsor of medical conferences and an internet content publisher. AAPS contends that by establishing and enforcing ethical and professionalism standards that include policies against the dissemination of false medical information, ABFM has

chilled physician speech about such topics as Covid treatments, Covid vaccines, and abortion, and thereby harmed AAPS's ability to make money co-sponsoring medical conferences. ECF 66, ¶ 12.

Dr. Hanson is a Louisiana-licensed physician and resident of Louisiana who is currently board certified in family medicine by ABFM. ECF 66, ¶ 16. He similarly claims that ABFM's alleged actions have chilled his speech, interfered with his ability to practice medicine, and caused reputational harm. ECF 66, ¶ 26.[1]

As a threshold matter, Plaintiffs' Amended Complaint should be dismissed as to ABFM because this Court does not have personal jurisdiction over it. The grounds that Plaintiffs assert for jurisdiction are that:

- ABFM certifies physicians in Texas;

- ABFM has targeted its actions to Texas by sending "letters" to the addresses of Texas physicians—not to AAPS, and not to Dr. Hanson in Texas—in connection with its enforcement of ABFM's professionalism and ethics standards;

- AAPS co-sponsors conferences in San Antonio and plans to hold an event in the Galveston Division of the Southern District of Texas;

- Dr. Hanson has attended and spoken at an AAPS conference in Texas; and

- Third-party organizations not controlled by ABFM have conducted activities in Texas.

---

[1] Plaintiffs do not allege that Pierre Kory, M.D., M.P.A., and Paul E. Marik, M.D., FCCM, FCCP are board certified by ABFM. ECF 66, ¶¶ 13–15. They are not. **Exhibit A**, Rode Decl., at ¶ 2. It is unclear to what, if any, extent Dr. Kory or Dr. Marik direct any allegations in the Amended Complaint to ABFM. For the reasons stated below, however, their allegations do not support this Court's exercise of personal jurisdiction over ABFM.

*See* ECF No. 66, ¶¶ 29–37. These allegations do not support either general or specific personal jurisdiction in this Court. *See infra*, Section III.B, C.

## III.
### BACKGROUND

ABFM is a private, non-profit organization based in Lexington, Kentucky. ECF 66 ¶¶ 19; **Exhibit A**, Rode Decl. at ¶ 3. It establishes uniform standards and certifies physicians in the medical specialty of family medicine. *Id.* at ¶¶ 4–5. Family medicine certification through ABFM consists of four foundational components which board-certified family physicians are required to continuously demonstrate to maintain their certification: professionalism, self-assessment, performance improvement, and cognitive expertise. ABFM offers various pathways to initial certification. *Id.* at ¶ 5. Among other requirements, family physicians seeking board certification are must compliance with the ABFM Guidelines for Professionalism, Licensure, and Personal Conduct (Guidelines). *Id.*[2]

Plaintiffs allege that the Board Defendants have "sent letters to physicians threatening them with revocation" of their certifications based on their public statements about Covid and "revoked several board certifications." ECF 66, ¶¶ 3–6. Plaintiffs further allege that ABFM "targeted" actions towards physicians who reside and practice in Texas, claiming that the Board Defendants sent "letters expressly written to the addresses of Texas physicians" without identifying any such physician. ECF 66, ¶ 29. Beyond those

---

[2]    *See* **Exhibit A-1**, Rode Deck, at ¶5, ABFM Guidelines for Professionalism, Licensure, and Personal Conduct, *available at* https://www.theabfm.org/professionalism-guidelines/ (last visited March 14, 2025).

allegations and the conclusory claim that ABFM "does business" in Texas by "certifying and taking disciplinary actions against physicians here," and "colluding" with Texas-based organizations, ECF 66, ¶¶ 19, 24, 29, 30, Plaintiffs do not make out a case for this Court to exercise personal jurisdiction over ABFM.

AAPS is not affiliated with Texas. It is incorporated and headquartered in Arizona. ECF 66, ¶ 12. Its lone alleged connection to Texas is that it "co-sponsors events in Texas." ECF 66, ¶¶ 16, 24. Dr. Hanson is also not connected to Texas, other than the allegation that he attended an AAPS conference in San Antonio in September 2024. ECF 66, ¶ 16. Ultimately, Plaintiffs fail to make a single factual allegation that ABFM engaged in any conduct directed toward AAPS or Hanson in Texas, and certainly no such action arising from or related to Plaintiffs' claims.

## IV.
### ARGUMENT

### A.    Legal Standard

Dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure is warranted when a court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of establishing that the Court has jurisdiction over any nonresident defendant, which may be met with a prima facie showing. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The Court may resolve jurisdictional questions by reviewing pleadings, affidavits, interrogatory responses, testimony, and other evidence. *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, Civ. Act. No. H-18-2142, 2019 WL 3713724, at *1 (S.D. Tex. Jan. 25,

2019) (citing *Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992)). Plaintiffs have not met that burden as to ABFM.

"'A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute, and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment.'" *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 778 n.35 (5th Cir. 2018) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009)). Due process requires the satisfaction of two elements: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–78 (1985); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

"Jurisdiction may be general or specific." *Mullins*, 564 F.3d at 398 (quoting *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008)). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999) (citation omitted). Specific personal jurisdiction is established through the defendant's contacts with the forum state arising from, or related to, the cause of action. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

Plaintiffs do not and cannot allege facts that, even if proven, would establish general or specific personal jurisdiction over ABFM.

### B.   ABFM Is Not Subject to General Jurisdiction in Texas

General jurisdiction exists when a non-resident defendant's "affiliations with the state are so continuous and systematic as to render them essentially at home in the forum State." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The "continuous and systematic contacts test [for general jurisdiction] is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted). In fact, "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citations omitted).

A corporation is generally at "home" in one of two places: (1) the state of incorporation and (2) the state where it has its principal place of business. *See Daimler*, 571 U.S. at 122; *Goodyear*, 564 U.S. at 919. "Because a corporation that operates in many states or countries can scarcely be deemed at home in all of them, 'when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an exceptional case.'" *Nunes v. NBC Universal Media, LLC*, 582 F. Supp. 3d 387, 395 (E.D.

Tex. 2022) (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016)) (citations omitted).

ABFM is a nonprofit organization incorporated in Missouri, and its principal operations and offices are based in Lexington, Kentucky. **Exhibit A**, Rode Decl. at ¶ 3; *see Lowe v. MAC Fed. Credit Union*, 2018 WL 2422999, at *3 (W.D. Tex. May 29, 2018) (finding that Alaska-based nonprofit organization was "at home" in Alaska, not Texas despite its allegedly having account holders in Texas). It is not incorporated, nor does it have its principal place of business in Texas. *Id.* ABFM has no offices or employees in Texas and holds no property in Texas. *Compare id.*, *with* ECF 66 ¶ 19, 21–22. Although ABFM through its website directory, makes information about a the status of a physician's certification public, information, including the dates of active certification, ABFM does not publicly disclose the details of actions taken against a physician's certificate under the Guidelines, in Texas or otherwise. *Id.* at ¶6.

ABFM is not in any sense "at home" in Texas and cannot be subject to general jurisdiction in state. *Frank*, 947 F.3d at 337–38 (citing *Daimler*, 571 U.S. at 138–39). A foreign defendant may be subject to general jurisdiction even if it not conventionally "at home" in the forum, but only in exceptional cases. The first Supreme Court opinion to recognize general jurisdiction outside of the state of incorporation or principal place of business was an outlier. *Goodyear*, 564 U.S. at 925 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438–39 (1952)). The Supreme Court in *Perkins v. Benguet Consol. Mining Co.* found that general jurisdiction could properly be exercised over a foreign corporation because its wartime activities temporarily forced the relocation of its

corporate officers and headquarters to Ohio. 342 U.S. at 439. The Court recently described *Perkins* as an "exceptional case." *Goodyear*, 564 U.S. at 925 (citing *Perkins*, 342 U.S. at 438). In fact, "since *Perkins*, it has become 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'" *Frank*, 947 F.3d at 336 (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *see also BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) ("The paradigm forums in which a corporate defendant is at home . . . are the corporation's place of incorporation and its principal place of business.") (internal quotations and citations omitted).

To the extent Plaintiffs claim that general jurisdiction could be exercised over ABFM based on alleged contact with Defendant American Board of Obstetrics and Gynecology (ABOG) or the non-party Federation of State Medical Boards (FSMB), which have their headquarters in Texas, or based on the activities of lobbyists for the American Board of Medical Specialties (ABMS), the conduct and activities of these independent organizations cannot support the exercise of general jurisdiction. *See Victor Elias Photography, LLC*, 2019 WL 3713724, at *2 (S.D. Tex. Jan. 25, 2019) (citations omitted) (rejecting argument that parent corporation could be subject to general jurisdiction merely because subsidiary company was present in and conducted business in the forum); *see also Nunes*, 582 F. Supp. 3d at 396 (holding that presence of affiliate companies, managing agent, or subsidiary in Texas did not support exercise of general jurisdiction); *Zoch v. Daimler, AG*, No. 6:16-CV-00057, 2017 WL 2903264, at *3 (E.D. Tex. May 16, 2017) (same); *Air Tropiques, Sprl v. Northern & Western Ins. Co.*, No. H–13–1438, 2014 WL

1323046 , at *10–11 (S.D. Tex. March 31, 2014) (similar); *Orgeron v. Opryland, U.S.A.*, No. 92-2657, 1993 WL 192200 (E.D. La. June 3, 1993) (holding that a foreign cable network with affiliates in Louisiana could not be subject to general jurisdiction based on the affiliates' in-state conduct).

Of course, Plaintiffs' assertion that ABFM colluded and conspired with the other Board Defendants and FSMB is nothing more than speculation and without factual support. Furthermore, the forum activities of ABMS are not imputed or attributed to ABFM for jurisdictional purposes. Neither ABOG nor FSMB, nor any other organization, play any role in implementing, evaluating, or enforcing the ABFM Guidelines or in the review of professionalism actions involving ABFM diplomates. **Exhibit A**, Rode Decl., at ¶ 4. ABFM operates wholly independently of those entities' activities. *Id.* The activities and physical presence of an ABFM affiliate in Texas cannot create general jurisdiction over it. *See Nunes*, 582 F. Supp. 3d at 396; *Zoch*, 2017 WL 2903264, at *3; *Air Tropiques*, 2014 WL 1323046, at *10–11.

Furthermore, this is not an exceptional case and is completely distinguishable from *Perkins*. ABFM certifies physicians who live in all fifty states, including those who live or practice in Texas. Plaintiffs do not allege that ABFM itself has business operations in Texas. Plaintiffs rely solely on their claim that ABFM certifies doctors in Texas and that the effects of any action taken by ABFM to enforce its professionalism and ethics standards might be felt in Texas. But none of these allegations suggest that ABFM is at home in Texas. Plaintiffs' allegations fall far short of establishing the type of contacts necessary for general jurisdiction. *See Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.*, No. 4:15-

9

CV-625-DBB, 2015 WL 9489507, at *5 (E.D. Tex. Dec. 30, 2015) ("[T]he administration of [National Board of Osteopathic Medical Examiners] examinations in Texas (as well as in all 50 states) does not constitute the requisite substantial, continuous, and systematic contacts necessary for a finding of general jurisdiction . . . .") (cleaned up). Although an organization like ABFM may operate "in many places, it cannot be deemed at home in all of them because unpredictability would follow and jurisdictional rules are meant to promote greater predictability." *Frank*, 947 F.3d at 337 (quoting *Daimler*, 571 U.S. at 137, 139 n. 20).

Because ABFM lacks affiliations with Texas that "are so continuous and systematic as to render it essentially at home" here,  this Court lacks general jurisdiction over it.

## C.    ABFM Is Not Subject to Specific Jurisdiction in Texas

Constitutional due process does not permit the exercise of specific personal jurisdiction over a nonresident defendant unless the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal citations and quotations omitted); *see also Bristol-Myers Squibb Co. v. Sup. Ct. of Col., S.F. Cty.*, 582 U.S. 255, 264 ("Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.") (cleaned up).

Specific jurisdiction focuses "on the relationship among the defendant, the forum, and the litigation." *Monkton Ins. Servs.*, 768 F.3d at 432–33. It arises only when (1) the nonresident defendant purposefully avails itself of the privileges of conducting activities in the forum state, ***and*** (2) the controversy arises out of or is related to the defendant's

10

contacts with the forum state. *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 323–24 (5th Cir. 2021). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (citation omitted).

In addition, exercising specific jurisdiction must be "fair and reasonable" to the defendant. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). A sufficient nexus between the non-resident's contacts with the forum and the cause of action is required. *Clemens v. McNamee*, 615 F.3d 374, 378-79 (5th Cir. 2010). And this is a claim-specific inquiry. *Seiferth*, 472 F.3d at 274 ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.").

ABFM is not subject to jurisdiction in this Court because Plaintiffs do not adequately plead that ABFM purposefully directed its activities into Texas, Plaintiffs' claims do not arise from ABFM's contacts with Texas, and it would not be fair and reasonable for ABFM to face suit in Texas.

## 1.    ABFM Does Not Purposefully Direct Its Activities to Texas

Plaintiffs do not allege sufficient facts to demonstrate that ABFM purposefully directed any conduct toward Texas, under the state's long arm statute or otherwise.

Under the Texas long arm statute, a nonresident "does business" with Texas if the nonresident (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this State; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents, directly or through an intermediary located in

this state, for employment . . ." Tex. Civ. Prac. & Rem. Code § 17.042. Despite reciting

the legal standard, the Amended Complaint does not plausibly allege any jurisdictional

facts that implicate specific jurisdiction under the long arm statute. ECF No. 66, ¶ 22. The

Amended Complaint includes no allegation that ABFM contracted with a Texas resident.

Tex. Civ. Prac. & Rem. Code § 17.042(1). It included no contention that ABFM committed

a tort in whole or in part *in Texas*. *See id.* § 17.042(2); ECF No. 66, ¶¶ 185–189 (of seven

counts, Plaintiffs include one tort (Count III), yet Plaintiffs allege tortious interference

without identifying interference with business relations in Texas). And the Complaint did

not allege that ABFM recruits Texas residents. *See id.* § 17.042(3).

Outside of § 17.042, Plaintiffs cannot establish that ABFM purposefully directs its

activities to Texas. That ABFM certifies physicians in Texas is, at most, incidental contact

and not sufficient to establish purposeful contact. *See* ECF 66, ¶¶ 19, 29. Interactions with

individuals in the forum state that are incidental—or as in this case unconnected—to the

underlying claims are insufficient to establish personal jurisdiction. *See Sangha v. Navig8*

*ShipMgmt. Private Ltd.*, 882 F.3d 96, 103–104 (citing *Walden v. Fiore*, 571 U.S. 277

(2014)); *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)

(holding that "merely contracting with a resident of the forum state is insufficient to subject

the nonresident to the forum's jurisdiction" when the contact is incidental to the underlying

transaction at issue). The Fifth Circuit has held, multiple times, that contact *more direct*

than certifying physicians nationwide was insufficient to trigger specific

jurisdiction:"[M]ere communications or negotiations with a resident of the forum state

were not enough to subject non-resident defendants to the forum state's jurisdiction." *Lewis*

*v. Fresna*, 252 F.3d 352, (5th Cir. 2001) (citing *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir.1992) (per curiam) (one telephone call and one letter not enough to confer personal jurisdiction)); *see also, e.g.*, *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 542 (5th Cir. 2019) (explaining that a demand letter threatening litigation is not enough to create specific jurisdiction); *Mr. Showers, LLC v. Mr. Shower Door, Inc.*, Civ. Act. No. 4:21-CV-00520, 2021 WL 5918921, at *3 (E.D. Tex. Dec. 15, 2021) (a cease-and-desist letter "alone is insufficient for this Court to exercise jurisdiction over Defendant").

Likewise, allegations that **AAPS** has held and desires to hold conferences in Texas are not sufficient to support jurisdiction because those allegations have nothing to do with **ABFM**'s conduct and do not show that **ABFM** engaged in any conduct in Texas. *See* ECF 66 at ¶¶ 16,24 (emphasis added); *Sangha*, 822 F.3d at 10 (holding that contacts between the plaintiff (or third parties) and the forum are not sufficient to establish minimum contacts because the proper focus is the defendant's relationship with the forum).

Although Plaintiffs' Amended Complaint adds conclusory claims that ABFM has "targeted [its] actions against physicians . . . in Texas" and "colluded and conspired with two Texas organizations," the Court need not credit these unsupported jurisdictional allegations. ECF 66, ¶¶ 19, 29–30, 74, 198. *See Ethridge v. Samsung SDI Co.*, 617 F. Supp. 3d 638, 643 (S.D. Tex. 2022) *appealed*, No. 23-40094 (5th Cir. Feb. 7, 2024); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) ("We accept the plaintiff's uncontroverted, nonconclusional factual allegations as true . . . ."). Plaintiffs seek, without factual or legal basis, to impute the contacts of third

parties onto ABFM, but a defendant's relationship with a third party standing alone does not support specific jurisdiction. ECF 66, ¶¶ 30–32. And, as set out above, the allegations are meritless. *See supra*, page 10–11; **Exhibit A**, Rode Decl., at ¶ 4 Plaintiffs also seemingly claim jurisdiction based on other organizations or individuals display of information regarding adverse actions against physicians in Texas. *See* ECF 66, ¶ 33. But again, ABFM publicly discloses on its website whether a phsyciian is certified by ABFM, including the dates of active certification, not the details of any professionalism action. **Exhibit A**, Rode Decl., at ¶ 6, and the publication decisions of the physicians themselves (or a State entity) do not support exercising specific personal jurisdiction over ABFM.

Finally, to the extent Plaintiffs claim that jurisdiction is proper in Texas because they have felt the effects of ABFM's alleged actions in Texas, they are incorrect on this point too. *See Calder v. Jones*, 465 U.S. 783 (1984); *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("The crux of *Calder* was that the reputation-based "effects" of the alleged libel connected the defendants to California, not just to the plaintiff."). The court must "look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," and "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285, 15. Plaintiffs do not allege any facts to support that ABFM's contacts with Texas are anything other than random, fortuitous, and attenuated. *Id.* at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

### 2. Plaintiffs' Claims Do Not Arise from ABFM's "Random and Fortuitous" Contacts with Texas

The exercise of specific jurisdiction is improper for another, independent reason—because Plaintiffs' claims do not arise from or relate to ABFM's limited contacts in Texas. For example, Plaintiffs allege that ABFM certifies Texas physicians, but AAPS's claims do not arise from certification. Of the Physician Plaintiffs, only Dr. Hanson is board certified by ABFM, and he is not a Texas resident, nor does he practice medicine in Texas. ECF 66, ¶ 16. Plaintiffs rest their assertion that this Court has jurisdiction on its speculative and remote claim that the enforcement of ABFM's professionalism standards against already-certified physicians caused AAPS to lose revenue on conferences. Plaintiffs also allege that there was a chilling effect on speakers at conferences. The Amended Complaint alleges no facts linking ABFM's actions on its professionalism policy to any of Plaintiffs' claims—that is, there is no allegation that the recipient of any letter declined to participate in an AAPS co-sponsored conference, asked AAPS not to post their presentations online, or did anything at all. Moreover, AAPS does not allege that its only locale for conferences is Texas, nor does it suggest that its internet postings or donation solicitations have anything to do with Texas.

It would be entirely speculative to suggest that any of AAPS's claims arises from any of ABFM's limited contacts with Texas. Even if the Court finds that Plaintiffs' allegations include sufficient contacts between ABFM and the forum, Plaintiffs' claims against ABFM do not arise from such contacts and should be dismissed.

### 3. The Exercise of Personal Jurisdiction Over ABFM Would Be Unreasonable

In this case, exercising personal jurisdiction over ABFM would also be unreasonable and violate "traditional notions of fair play and substantial justice." *Ford Motor Co.*, 592 U.S. at 358 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). "[T]he Due Process Clause 'does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (quoting *Int'l Shoe*, 326 U.S. at 319). "Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 251, 254 (1958)). Because ABFM has no contacts with Texas related to the claims asserted, because it is not "at home" in the State, and because none of its actions occurred in Texas and it has no witnesses here, it would offend fair play and substantial justice to hale ABFM into court in Texas for alleged injuries unrelated to ABFM's random and fortuitous contacts with the State. *See* **Exhibit A**, Rode Decl., at ¶ 3–8.

## V.
### CONCLUSION

For all the reasons set forth above, this Court does not have personal jurisdiction over ABFM. Therefore, the Court should grant this motion—or in the alternative, grant the ABFM's motion to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure—and dismiss Plaintiffs' Amended Complaint, and grant the ABFM such other and further relief as the Court deems just and proper.


Dated:  March 14, 2025                    Respectfully submitted,

                                          THOMPSON,  COE,  COUSINS  &  IRONS,
                                          L.L.P.

                                          /s/ *Cassie J. Dallas*
                                          Barry A. Moscowitz
                                          State Bar No. 24004830
                                          Federal Bar ID 31054
                                          bmoscowitz@thompsoncoe.com
                                          Cassie J. Dallas
                                          State Bar No. 24074105
                                          Federal Bar ID 1512089
                                          cdallas@thompsoncoe.com

                                          Plaza of the Americas
                                          700 N. Pearl Street, Twenty-Fifth Floor
                                          Dallas, Texas 75201-2832
                                          Telephone:  (214) 871-8200
                                          Facsimile:  (214) 871-8209

                                          *Attorneys for Defendant*
                                          *American Board of Family Medicine*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2025, I electronically submitted the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
908-719-8608
aschlafly@aol.com
*Attorney for Plaintiff*

Paul Lantieri , III
lantierip@ballardspahr.com
Jason A. Leckerman
leckermanj@ballardspahr.com
Elizabeth Weissert
weisserte@ballardspahr.com
Ballard Spahr LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103
215-665-8500
*Pro Hac Vice*

David Gerger
Gerger Hennessy & Martin, LLP
700 Louisiana St., Ste. 2300
Houston, TX 77002
713-224-4400
dgerger@ghmfirm.com
*Attorneys for Defendant American Board of Internal Medicine*

Ashley Parrish
McGinnis Lochridge LLP
500 North Akard St., Ste. 2250
Dallas, TX 75201
214-307-6960
aparrish@mcginnislaw.com

Marcus Eason
McGinnis Lochridge LLP
609 Main St., Ste. 2800
Houston, TX 77002
713-615-8500
meason@mcginnislaw.com
*Attorney for Defendant American Board of Obstetrics & Gynecology*

Michael P. Clendenen
U.S. Department of Justice
Civil Division, Federal Programs Branch
202-305-0693
Michael.p.clendenen@usdoj.gov

Brett A. Shumate
Acting Assistant Attorney General

Andrew I. Warden
Assistant Branch Director
*Attorney for Defendant Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security*

*/s/ Cassie J. Dallas*
Cassie J. Dallas