**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

_____

| | |
|---|---|
| ) | |
| ASSOCIATION OF AMERICAN ) | |
| PHYSICIANS AND SURGEONS ) | |
| EDUCATIONAL FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:22-cv-00240 |
| ) | |
| AMERICAN BOARD OF INTERNAL ) | |
| MEDICINE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

_____)

**DEFENDANT KRISTI NOEM'S MOTION TO STAY DISCOVERY PENDING**
**RESOLUTION OF HER MOTION TO DISMISS AND MOTION FOR**
**PROTECTIVE ORDER**

## INTRODUCTION

Plaintiffs initiated this lawsuit in July 2022 based on their disagreements with other private medical organizations on matters of public health, including COVID-19 and abortion. Plaintiffs claimed that the short-lived existence of the Department of Homeland Security ("DHS") "Disinformation Governance Board" caused the private organizations, also named as Defendants in this matter, to discriminate against Plaintiffs based on their views. This Court dismissed the claims against the Secretary of Homeland Security as moot, and the Fifth Circuit affirmed that dismissal. Plaintiffs have now filed an Amended Complaint, which largely repeats the allegations of the original Complaint as to the claims against the Secretary. The Secretary has again moved to dismiss these claims because, among other things, they are moot.

Prior to this Court's decision on the Secretary's first motion to dismiss, the parties agreed in their Joint Discovery and Case Management Plan that discovery during the pendency of a motion to dismiss would be inefficient and would waste the parties' and the Court's resources. The parties stated that the resolution of the motions to dismiss could resolve all claims or narrow the scope of the claims for which discovery might be appropriate. Despite the fact that the Secretary's new motion to dismiss raises many of the same jurisdictional arguments as the first one, Plaintiffs have now gone back on their word and served the Secretary with an overbroad Request for Production of Documents that are largely irrelevant to the claims against her. In the interest of preserving the parties' and the Court's resources, the Court should stay discovery until after it issues a decision on the Secretary's pending Motion to Dismiss and enter a protective order stating that Defendant Noem does not need to respond to any discovery already served.

Plaintiffs oppose the relief sought in this motion.

## BACKGROUND

Plaintiff Association of American Physicians and Surgeons Educational Foundation ("AAPS") filed its first complaint on July 12, 2022. Compl., ECF No. 1. In it, AAPS alleged that it is a non-profit organization that co-sponsors medical education conferences, posts videos of presentations from those conferences online, and raises money. *Id.* ¶ 18. AAPS further alleged that the views that some of the speakers at its conferences have expressed on certain topics, in particular on COVID-19 and abortion, have generated conflicts with three non-governmental, non-profit organizations that certify physicians in various specialties (the "Non-Profit Defendants").[1] AAPS alleged that the Non-Profit Defendants had retaliated or threatened to retaliate against speakers at AAPS's conferences for the views those speakers have expressed. *See id.* ¶ 75. AAPS brought First Amendment, tortious interference, Sherman Act, and Declaratory Judgment Act claims against the Non-Profit Defendants. *Id.* ¶¶ 74–82, 99–118, 129–31.

As to the Federal Government, AAPS's Complaint speculated, without factual support, that the actions of the Non-Profit Defendants occurred "either at the request of officials in the Biden Administration and Democrats in Congress, or in the expectation of obtaining favoritism from them as a result." *Id.* ¶ 79. Based on this speculation, AAPS brought a First Amendment claim against the Secretary of Homeland Security, alleging that the "creation of a Disinformation Governance Board has a chilling effect on internet speech and medical conference presentations," because the Board's "mere existence encourages or induces" the Non-Profit Defendants "to retaliate against speakers based on the content of their speech on matters of public policy." *Id.* ¶ 75. AAPS also brought claims under the Administrative Procedure Act ("APA") and the Declaratory Judgment Act that

---

[1] The Non-Profit Defendants are the American Board of Internal Medicine, the American Board of Obstetrics & Gynecology, and the American Board of Family Medicine.

revolve around alleged violations of the Federal Advisory Committee Act ("FACA"),

including the composition of the HSAC, HSAC's transparency, and its authority and ability

to provide a recommendation to the Secretary concerning the activities of the

Disinformation Governance Board. *Id.* ¶¶ 83–98, 120–28.

The Defendants moved separately to dismiss the Complaint. The Secretary's motion

raised a number of defenses, *see generally* Def. Mayorkas's Mot. to Dismiss Pl.'s Compl.,

ECF No. 20, including that the claims against the government were moot because the

Disinformation Governance Board no longer existed, *id.* at 9–12.

On October 27, 2022, the parties conducted a Rule 26(f) conference. *See* Jt.

Discovery/Case Mgmt. Plan ¶ 1. In their report to the Court, the parties stated

> Counsel for the parties . . . agreed that discovery should be deferred until resolution of the pending motions to dismiss because the motions could be dispositive of all of Plaintiff's claims, and even if they are granted in part would eliminate some claims and thereby reduce the scope of relevant discovery. Meanwhile, given the nature and scope of Plaintiff's claims, proceeding with discovery would be burdensome and expensive for all parties. Accordingly, all parties agree that a stay of discovery pending resolution of the motions to dismiss would be in the best interest of the parties and the Court.

*Id.* ¶ 10; *see also id.* (noting that the Secretary "maintains that the nature of Plaintiff's

claims against [her] do not warrant discovery and, instead, would be appropriately

reviewed on an administrative record, which [the Secretary] would produce during

summary judgment briefing").

In May 2023, the Court granted the Defendants' motions to dismiss. With regards

to the Secretary's motion, the Court agreed that the claims were moot. *See* Mem. Op. &

Order, at 6, ECF No. 43. On appeal, the Fifth Circuit reversed the dismissal of the claims

against the Non-Profit Defendants and affirmed the dismissal of the claims against the

Secretary. *See AAPS v. AMIB*, 103 F.4th 383, 396 (5th Cir. 2024). The Fifth Circuit, however, modified the dismissal to be "without prejudice" on remand. *Id.*

On remand, AAPS moved for leave to file an Amended Complaint and for permissive joinder of several additional plaintiffs.[2] *See* Mot. by Pl. AAPS for Leave to Amend, ECF No. 61. The Court granted that motion. Order, ECF No. 65. Plaintiffs' Amended Complaint reasserts the same First Amendment and FACA claims against the Secretary (Counts I & II), including many of the same factual allegations about alleged viewpoint discrimination related to COVID-19 and other public health matters previously asserted in the original complaint.

Secretary Noem has filed a motion to dismiss the claims against her in the Amended Complaint. *See* Def. Noem's Mot. to Dismiss Am. Compl., ECF No. 75. That motion argues that the claims against the Secretary are moot and that Plaintiffs lack standing to bring most of the claims. *See generally id.* The Non-Profit Defendants have separately moved to dismiss the Amended Complaint.

On March 11, 2025, Plaintiffs' counsel emailed a document titled "Plaintiffs' First Request for the Production of Documents by Defendant Kristi Noem, in her Official Capacity as the Secretary of the U.S. Department of Homeland Security."[3] *See* Ex. A. The request seeks several broad categories of documents from the government that are at best tangentially related to the claims in this case. *See generally id.*

---

[2] The motion for permissive joinder indicates that the new "individual plaintiffs . . . have been injured by the Board Defendants," but says nothing about them being injured by the government. Mot. by Pl. AAPS for Leave to Amend, at 1, ECF No. 61.

[3] Plaintiffs' email indicates that the Request for Production was also mailed to counsel for each defendant.

## ARGUMENT

Because resolution of Secretary Noem's Motion to Dismiss the Amended Complaint may result in dismissal of the Amended Complaint or in a reduction of the scope of the parties or claims at issue, this Court should stay discovery and enter a protective order with regards to the claims against the Secretary in order to preserve the parties' resources and avoid unnecessary and inefficient proceedings. *See* Fed. R. Civ. P. 26(c) (authorizing courts to issue protective orders to prevent discovery upon a showing of "good cause").

The Court has broad discretion to stay discovery while a motion to dismiss is pending. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The Fifth Circuit has expressly blessed the practice of staying discovery while considering a potentially dispositive motion that raises jurisdictional arguments. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A stay may therefore be appropriate when the disposition of a motion to dismiss might preclude the need for discovery altogether, thus saving time and expense. *See Landry v. Air Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). It is common practice for courts in this district to stay or otherwise limit discovery while considering a motion that may resolve the issue on which discovery is sought. *See, e.g.*, *Cadence Bank v. Bank of Am., N.A.*, No. 4:23-cv-02959, 2023 WL 8582619, at *2 (S.D. Tex. Nov. 3, 2023), *report & recommendation adopted*, 2024 WL 345519 (S.D. Tex. Jan. 30, 2024); *Est. of Brown v. Ogletree*, No. CV H-11-1491, 2011 WL 13318529, at *2 (S.D. Tex. Dec. 15, 2011); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, No. H-08-CV-0857,

2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008). The ability of this Court to stay discovery while handling a dispositive motion is thus well settled.

Staying discovery here is especially appropriate, because the Secretary has raised jurisdictional defenses that are likely to result in dismissal of all claims against the Secretary.  As both this Court and the Fifth Circuit previously held, the claims against the Secretary are moot, and nothing in Petitioner's Amended Complaint changes that result. *See* Def. Noem's Mot. to Dismiss Am. Compl., ECF No. 75.  "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). "Without jurisdiction the court cannot proceed at all in any cause. [T]he only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation and quotation omitted). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* (citation and quotation omitted). Here, where both this Court and the Fifth Circuit have found that subject matter jurisdiction over Plaintiff's claims against the Secretary is lacking, the Court should not allow Plaintiffs to engage in discovery related to those claims. *See Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000) (recognizing that "the district court must have jurisdiction . . . before the discovery rules become operative"); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F[ed]. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

Discovery would place a substantial burden on the Department of Homeland Security, reducing the resources available to focus on other issues that implicate public safety and national security. The Request for Production of Documents is overbroad and largely irrelevant to the claims at issue, *see generally* Ex. A, and responding to this request would be unduly burdensome. At the same time, a stay of discovery pending a decision on the Secretary's Motions to Dismiss will not prejudice Plaintiffs. No discovery is needed to respond to the Secretary's pending motion to dismiss, which focuses on the undisputed fact that the Disinformation Governance Board no longer exists. Staying discovery would reduce potentially needless use of resources and conflict during the pendency of this Motion to Dismiss, not just for the parties but also for the Court, which may be called upon to mediate discovery disputes.

Indeed, Plaintiffs effectively conceded in their Joint Discovery and Case Management Plan that discovery during the pendency of a motion to dismiss would be a waste of resources. *See* Jt. Discovery/Case Mgmt. Plan ¶ 10. There, all parties stated that "discovery should be deferred until resolution of the pending motions to dismiss because the motions could be dispositive of all of Plaintiff's claims." *Id.* Moreover, Plaintiffs agreed that, "even [granting the motions] in part would eliminate some claims and thereby reduce the scope of relevant discovery." *Id.* And they agreed that "proceeding with discovery would be burdensome and expensive for all parties." *Id.*; *see id.* ("Accordingly, all parties agree that a stay of discovery pending resolution of the motions to dismiss would be in the

7

best interest of the parties and the Court."). Plaintiffs have given no explanation why the same reasoning would not apply to the motions to dismiss the Amended Complaint as it did with the motions to dismiss the original Complaint, especially where the Secretary raises some of the same jurisdictional arguments with which this Court and the Fifth Circuit already agreed.

Finally, Secretary Noem maintains the position that discovery against the government in this case would not be appropriate at any time. This case is governed by the record-review rule applicable in Administrative Procedure Act ("APA") cases. In reviewing a final agency action under the APA, "the court shall review the whole record or those parts of it cited by a party. 5 U.S.C. § 706. "The focal point for judicial review of an administrative agency's action should be the administrative record. The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Rather, a court must "apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Id.* (alterations omitted) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)). For that reason, discovery is generally not permitted in APA cases. *See Pres. Endangered Areas*, 87 F.3d at 1246; *see also NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings . . . ."); *USA Grp. Loan Servs. V. Riley*, 82 F.3d 708, 715 (7th Cir. 1996) ("Discovery is rarely proper in the judicial review of administrative action.").

Plaintiffs' Amended Complaint relies on the APA in challenging the alleged actions of the Secretary. *See* Am. Compl. ¶¶ 21, 28, 48, 179–81. As such, review is likely limited to the administrative record that existed before the agency at the time of the decision. *See, e.g., Fla. Power & Light Co.*, 470 U.S. at 743-44. The record-review rule applies not only to claims brought pursuant to the APA, but also to related claims alleging a violation of the Constitution. *See, e.g.*, *RB Jai Alai, LLC v. Sec'y of Fla. Dep't of Transp.*, 47 F. Supp. 3d 1353, 1364 (M.D. Fla. 2014) (holding that, where a private right of action was not otherwise present, challenges to agency action "must be brought through the APA"). A contrary rule—one admitting of a special exception for constitutional claims—would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations to trade in the APA's restrictive procedures" for the Federal Rules of Civil Procedure. *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014); *see also Ala.-Tombigbee Rivers Coal. v. Norton*, No. CIV.A.CV-01-S-0194-S, 2002 WL 227032, at *6 (N.D. Ala. Jan. 29, 2002) (holding that, where due process and APA claims were founded on "identical" facts, "plaintiffs are not entitled to discovery on their due process claim, and that such claim is limited to the administrative record").

## CONCLUSION

For these reasons, the Court should stay discovery and enter a protective order with regards to the claims against Secretary Noem until after this Court's resolution of Secretary Noem's motion to dismiss.

Dated: April 11, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

 */s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
DC Bar No. 1660091
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 305-0693
Fax: (202) 616-8460
Email: michael.p.clendenen@usdoj.gov

*Counsel for Defendant Noem*

10

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 11, 2025.

/s/ Michael P. Clendenen
MICHAEL P. CLENDENEN