# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION, PIERRE KORY, M.D., PAUL MARIK, M.D., and KARL N. HANSON, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN BOARD OF INTERNAL MEDICINE, AMERICAN BOARD OF OBSTETRICS & GYNECOLOGY, AMERICAN BOARD OF FAMILY MEDICINE, and KRISTI NOEM, in her official capacity as the Secretary of the U.S. Department of Homeland Security, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:22-cv-240 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT KRISTI NOEM'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF HER MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER**

Andrew L. Schlafly
Attorney-in-charge
State of New Jersey Bar ID 04066-2003
SD Texas Bar ID NJ04066
939 Old Chester Rd.
Far Hills, NJ 07931
Tel: 908-719-8608
Fax: 908-934-9207
Email: aschlafly@aol.com

*Counsel for Plaintiffs Association of American Physicians and Surgeons Educational Foundation, Pierre Kory, Paul Marik, and Karl. N. Hanson*

Plaintiffs Association of American Physicians and Surgeons Educational Foundation ("AAPS"), Pierre Kory, M.D. ("Kory"), and Paul Marik, M.D. ("Marik"), Karl N. Hanson, M.D. ("Hanson") hereby file their opposition to Defendant Kristi Noem's Motion to Stay Discovery Pending Resolution of Her Motion to Dismiss and Motion for Protective Order. (Dkt. 80) Kristi Noem ("Noem") is being sued here only in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS" or "government").

## NATURE AND STAGE OF PROCEEDINGS

The government correctly recounts the procedural background in its motion to stay discovery. (Govt Mot. 2-4) Plaintiffs point out, however, that their initial agreement to stay discovery was only for motions that were pending back 2022, nearly three years ago. (Dkt. 29 ¶ 10) Those motions were resolved long ago, and this case has since made a trip up and back from the Fifth Circuit. A new scheduling order is in place that requires discovery to be completed in roughly three months, by August 15, 2025. (Dkt. 60 ¶ 5) A protective order against discovery proceeding at this time would be unjustified.

Yet the government refuses to comply with straightforward document requests that are no more burdensome than routine FOIA requests with which the government must ordinarily comply, even when it is not a defendant in a lawsuit. (Dkt. 80-1, Govt Mot. Exh. A) Moreover, the government would be required to comply with the outstanding discovery requests if it were served by a third-party subpoena containing these same requests. Nothing in the government's motion provides any grounds for its blanket refusal to comply with *any* of these simple document production requests.

1

# MOVANT'S BURDEN OF SHOWING GOOD CAUSE

As the Fifth Circuit has emphasized:

> Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); see also 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2035, at 483-86 (2d ed. 1994).

*In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).

The Fifth Circuit continues to adhere to this standard, and has reversed protective orders issued in non-compliance with it:

> A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."

*EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (reversing a protective order while quoting *In re Terra Int'l*, 134 F.3d at 306, which quotes *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). *See also Vasquez v. U.S. Xpress, Inc.*, No. 2:24-CV-00289-JRG, 2024 U.S. Dist. LEXIS 225063, at *5 (E.D. Tex. Dec. 11, 2024) ("Defendant offers a stereotyped conclusion that the subpoena is overbroad. The Court finds that Defendant has failed to meet its burden.") (citing *In re Terra Int'l*, quoted *supra*.). Courts within the Fifth Circuit so hold even when the motion for protective order is unopposed. *See, e.g., id.* at *5 n.3 ("Despite the Court considering this Motion to be unopposed, Defendant still bears the burden" described above).

## ARGUMENT

The government's motion consists of a stereotyped conclusion that the subpoena is overbroad, which is plainly inadequate under the foregoing standard. The government makes no showing of "a particular and specific demonstration of fact" as repeatedly required by controlling Fifth Circuit precedents quoted above.

The government's motion fails to satisfy its burden to show good cause. The government does not submit any affidavit or any other justification for refusing to produce a single document in this case. As the Fifth Circuit held in its foregoing quoted precedent which reversed a grant of a protective order, the movant is expected to "support its motion for protective order with … affidavits or other evidence that might provide support for" its motion, including "a particular and specific demonstration of fact." *In re Terra Int'l*, 134 F.3d at 306 (inner quotations omitted). Yet the government's motion does none of this.

The government cites many decisions for the unremarkable proposition that "[t]he ability of this Court to stay discovery while handling a dispositive motion is thus well settled" (Govt Mot. 6), without making the showing of good cause which the Fifth Circuit and Federal Rules of Civil Procedure expressly require. This Court has jurisdiction over Plaintiffs' Federal Advisory Committee Act (FACA) claim, which the government has already virtually conceded. (Dkt. 85 – "Plaintiffs lack standing to bring all of their claims except for their FACA section 10(b) claim for access to documents, which is not subject to an injury-in-fact requirement.") (additional citation by the government to its own Motion to Dismiss omitted). The government's citation to D.C. and Ninth Circuit

3

decisions for delaying discovery in this 3-year-old case are not applicable or persuasive in the context here. *See Fayed v. CIA*, 229 F.3d 272, 273 (2000) (quashing "a subpoena to the Central Intelligence Agency for documents relating to the crash" that killed Princess Diana) (cited by Govt Mot. 6); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) (not a case involving the government, FACA, or the First Amendment, in contrast with the case here) (also cited by Govt Mot. 6).

Without referring to anything specific in Plaintiffs' document requests, the government argues that this "[d]iscovery would place a substantial burden" on the government. (Govt Mot. 7) This is precisely the sort of "stereotyped conclusion" that controlling precedents require rejecting, as quoted above. The government further argues that "Plaintiffs have given no explanation why the same reasoning [to delay discovery] would not apply to the motions to dismiss the Amended Complaint as it did with the motions to dismiss the original Complaint" (Govt Mot. 8), but the reason is obvious: this case is three years old now, and this Court has ordered upon consent of the parties that discovery be completed in three months from now, by August 15. (Dkt. 60 ¶ 5)

The general rule, applicable here, is that a stay of discovery is not automatically granted whenever a motion to dismiss is pending and is rarely appropriate if, as here, the pending motion will not dispose of the entire case. *See Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 U.S. Dist. LEXIS 3734, 1995 WL 421900, at *2 (E.D. Pa. 1993); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (the burden is on the party seeking a stay of discovery to make a strong showing of why discovery

should be denied). In a denial of a stay for discovery based on a reason applicable here, a federal court held that:

> Gulph Mills has not suggested that continuing with discovery would entail an undue burden. Indeed, as an owner of a large portion of one of the quarries at issue, Gulph Mills may well be subject to legitimate discovery requests ***even if it were not a party***.

*Keystone Coke Co. v. Pasquale*, Civ. No. 97-6074, 1999 U.S. Dist. LEXIS 170, at *4-5 (E.D. Pa. Jan. 6, 1999) (emphasis added).

> The government's first citation in its argument to a Fifth Circuit authority states this:
>
> A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. ***Nothing that Petrus could have learned through discovery*** could have affected the resolution of the defendants' 12(b)(6) motion.

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (emphasis added, footnote omitted, cited by Govt Mot. 5). Here, in contrast, documents may exist as requested from the government which shed enormous light on this case, such as whether the government was in communication with the other Defendants about censoring Plaintiffs' speech or whether the government was specifically focused on any of the Plaintiffs in the government's censorship efforts.

The government relies on *Estate of Brown v. Ogletree*, No. H-11-1491, 2011 U.S. Dist. LEXIS 167422 (S.D. Tex. Dec. 15, 2011) (cited by Govt Mot. 5), but a stay of discovery had been ordered in that case due in large part to a qualified immunity defense that does not exist here. That court also identified multiple additional compelling reasons, not present here, for staying discovery. *See id.*\*6 ("Third, despite the current stay,

5

Defendants have begun turning over voluntarily much of the discovery Plaintiffs have requested," in contrast with the government's position here).

The government should already be disclosing documents in response to the basic requests by Plaintiffs, including:

> 1. All documents relating to the Disinformation Governance Board or its disbanding as announced by DHS on August 24, 2022, including all documents relating to the drafting and approval of the disbanding announcement by DHS on that date.
>
> 2. All documents relating to the selection of members of the Homeland Security Advisory Council, including any documents relating to any attempt to obtain the FACA-required balance in the membership of that committee.
>
> 3. All documents relating to the Homeland Security Advisory Council Disinformation Best Practices and Safeguards Subcommittee, including selection of its member, minutes of its meetings, and communications by this subcommittee and any of its members. This request includes all documents relating to any balance of subcommittee members pursuant to FACA.
>
> 4. All documents that mention any of the Plaintiffs in this lawsuit (Pierre Kory, Paul Marik, Karl Hanson, and the Association of American Physicians and Surgeons Educational Foundation or its abbreviation, AAPS), or mention Jane Orient (the Executive Director of AAPS) or Peter McCullough.
>
> 5. All documents that mention any of the Individual Plaintiffs [*sic*, meant Defendants] or their abbreviations:
>
>    - American Board of Internal Medicine (ABIM)
>    - American Board of Obstetrics & Gynecology (ABOG)
>    - American Board of Family Medicine (ABFM)
>    …

(Dkt. 80-1, at 3-4) The government raises no objections to the foregoing specific document production requests, which would not be burdensome to gather and produce electronically. It may be that government has very few documents that are responsive to the above.

6

Finally, the government's sweeping argument "that discovery against the government in this case would not be appropriate at any time" is incorrect here, and the government does not cite to a single decision within the Fifth Circuit to support its remarkable assertion. (Govt Mot. 8-9) The disfavoring of discovery against the government in Administrative Procedure Act cases is in the context of a formal administrative proceeding, such as rulemaking or an adjudication by an administrative law judge, for which there is already an extensive record and additional discovery in court would be repetitive or superfluous.

That is nothing like this case, for which there is not an existing record that has been made available to the public or to Plaintiffs. Instead, this case is based on FACA and constitutional violations, for which discovery against the government is commonly allowed. "Courts routinely allow FACA cases involving non-APA claims to proceed to discovery." *Am. First Legal Found. v. Cardona*, 630 F. Supp. 3d 170, 187 (D.D.C. 2022) (collecting multiple examples of this). "And even if this were a case in which the general APA record rule applied, it would also be a case in which 'the administrative record itself is so deficient as to preclude effective review' …." *Id.* (quoting *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013)).

Moreover, even in the context of review of an extensive and available administrative record, discovery is still allowed against the federal government within the Fifth Circuit. *See, e.g.*, *Frito-Lay, Inc. v. United States Dep't of Labor*, No. 3:12-cv-1747-B-BN, 2013 U.S. Dist. LEXIS 201216, at *10 (N.D. Tex. Sep. 11, 2013) ("Plaintiff

7

should be permitted to seek discovery related to the statistical analysis relied on by the [Department of Labor's Administrative Review Board] in making its determination ….").

## CONCLUSION

Progress is needed on this three-year-old case and the government has failed to satisfy its burden for refusing to comply with Plaintiffs' discovery requests. (Dkt. 80-1) Accordingly the government's motion to stay of discovery and for a protective order (Dkt. 80) should be denied.

Dated: May 2, 2025

Respectfully submitted,

/s/ Andrew L. Schlafly
Andrew L. Schlafly
Attorney-in-charge
State of N.J. Bar ID 04066-2003
SD Texas Bar ID NJ04066
939 Old Chester Rd.
Far Hills, NJ 07931
Tel: 908-719-8608
Fax: 908-934-9207
Email: aschlafly@aol.com

Counsel for Plaintiffs Association of American Physicians and Surgeons Educational Foundation, Pierre Kory, Paul Marik, and Karl N. Hanson

## CERTIFICATE OF SERVICE

I hereby certify that on this day of May 2, 2025, I filed the foregoing document through operation of the Court's CM/ECF system, which I understand to cause service on all counsel of record for all the parties.

/s/ Andrew L. Schlafly
Andrew L. Schlafly
Counsel for Plaintiffs

8