Case 3:22-cv-00240    Document 94    Filed on 07/11/25 in TXSD    Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION, *et al.*, | § § § § § § § | |
| Plaintiffs. | § § | |
| V. | § § | CIVIL ACTION NO. 3:22-cv-00240 |
| AMERICAN BOARD OF INTERNAL MEDICINE, *et al.*, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant American Board of Family Medicine ("ABFM"). Dkt. 72. Having reviewed the briefing and the applicable law, I recommend the motion be granted and ABFM be dismissed from this case.

## **BACKGROUND**

The plaintiffs in this case are the Association of American Physicians and Surgeons Educational Foundation ("AAPS") and three physicians, one of whom—Dr. Karl Hanson, a Louisiana resident—is certified by ABFM.[1] Plaintiffs allege that ABFM violated their First Amendment and due process rights, violated Sections 1 and 2 of the Sherman Act, and tortiously interfered with their business relationships when it threatened to revoke or actually revoked board certifications based on public statements about COVID-19, abortion, and other controversial topics. ABFM moves to dismiss for lack of personal jurisdiction, arguing that it has insufficient contacts with Texas. ABFM is incorporated in Missouri and has its principal place of business in Kentucky. *See* Dkt. 72 at 12.

---

[1] The other two plaintiffs, neither of whom have not responded to ABFM's motion to dismiss, are Dr. Pierre Kory and Dr. Paul Marik.

## LEGAL STANDARD

Rule 12(b)(2) allows a party to challenge the district court's exercise of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The Supreme Court of the United States has recognized two types of personal jurisdiction: general jurisdiction[2] and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). Only specific jurisdiction is at issue in this case. Specific jurisdiction demands a connection between the incident in question and the forum state. *See Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). This inquiry is fact intensive, and its "touchstone is whether the defendant's conduct shows that it reasonably anticipates being haled into" a Texas court. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quotation omitted). Defendants "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871–72 (5th Cir. 1999) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

"The reach of [personal] jurisdiction is delimited by: (1) the state's long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the federal Constitution." *Wilson v. Belin*, 20 F.3d 644, 646–47 (5th Cir. 1994). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). Three conditions must be met to establish specific personal jurisdiction over ABFM: (1) ABFM must have "purposefully availed itself of the privilege of conducting activities in [Texas]"; (2) Plaintiffs' claims must arise out of or relate to ABFM's purposeful contacts with Texas; and (3) "the exercise of personal jurisdiction must be fair and reasonable." *Ethridge*, 137 F.4th at 314.

---

[2] "Because [ABFM] is neither incorporated in Texas nor has its principal place of business there, there is no general jurisdiction over [ABFM] in Texas." *Ethridge v. Samsung SDI Co.*, 137 F.4th 309, 314 (5th Cir. 2025).

Plaintiffs bear the burden on the first two conditions. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013). "To determine whether the plaintiff has met this burden, the court can consider the assertions in the plaintiff's complaint, as well as the contents of the record at the time of the motion." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quotation omitted). "Where, as here, the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, that burden requires only that [Plaintiffs] make a *prima facie* showing." *Herman*, 730 F.3d at 464. In determining whether ABFM has sufficient minimum contacts with Texas, I "construe all disputed facts in [Plaintiffs'] favor and consider them along with the undisputed facts." *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

## ANALYSIS

The first condition—whether ABFM has purposefully availed itself of the privilege of conducting activities in Texas—requires little discussion. ABFM "has purposefully availed itself of the privilege of doing business in Texas through its" certification of Texas physicians. *Ethridge*, 137 F.4th at 314. "Through [certifying Texas physicians, ABFM] has deliberately reached out beyond its home in [Kentucky] to exploit a market and enter contractual relationships centered in Texas." *Id.* The second and third conditions are a little thornier.

The second condition is that Plaintiffs' claims "arise out of or relate to [ABFM]'s contacts with [Texas]." *Bristol-Myers*, 582 U.S. at 262 (citation modified). Before analyzing the relationship between Plaintiffs' claims and ABFM's contacts with Texas, it is worth reviewing ABFM's contacts with Texas from which Plaintiffs contend their claims arise:

- ABFM has "purposefully targeted [its] actions against physicians who reside and practice in Texas, including speakers and attendees of AAPS conferences held in Texas." Dkt. 66 at 11.

3

- ABFM has "written to the addresses of Texas physicians." *Id.* No plaintiff in this case has alleged that they received any of these communications.
- ABFM has "colluded and conspired with two Texas organizations." *Id.* at 12.
- "ABFM . . . ha[s] repeatedly hired lobbyists in seeking and protecting benefits from the Texas legislature." *Id.*
- ABFM "intend[s] that [its] adverse actions against physicians in Texas will be publicly displayed by the Texas Medical Board on its website as to each physician licensed in Texas." *Id.* at 12–13.[4]
- ABFM "intend[s] that nearly all hospitals in Texas will deny medical staff privileges to physicians whose board certification has been revoked by . . . ABFM." *Id.* at 13.
- "ABFM sought and obtained the requirement by the Interstate Medical Licensure Compact (IMLC), which has been enacted by Texas, to require board certification by [ABFM] in their specialties. The revocation of board certification by [ABFM] has the intended effect of denying the subject physicians the ability to obtain medical licensure via the IMLC in Texas." *Id.*
- "ABFM receive[s] a significant amount of revenue each year from physicians residing in Texas." *Id.*

Although ABFM certifies "a non-insignificant" number of Texas physicians, it bears emphasizing that no Texas physician is suing ABFM.[5] *Ethridge*, 137 F.4th at 315. Rather, Plaintiffs argue that the power ABFM has over the physicians it certifies in every state, coupled with ABFM's threats to revoke those certifications based on physicians' speech, had the effect of chilling the speech of ABFM-certified physicians everywhere—including Dr. Hanson—causing AAPS to suffer from a lack of willing speakers and donations, including at conferences in Texas. The problem

---

[4] In their response brief, Plaintiffs contradict this allegation, writing that "[t]o its credit, ABFM does *not* publicly post its revocations in a manner that unnecessarily aggravates the harm to the reputations of physicians." Dkt. 78 at 4 (emphasis added).

[5] "Texas has an interest in maintaining a forum for its citizens who are injured within the State. [And a Texas citizen] has an interest in litigating in his home State." *Ethridge*, 137 F.4th at 314. But neither AAPS nor Hanson are Texas citizens. Texas does not have an interest in out-of-state plaintiffs litigating against out-of-state defendants in Texas.

4

with that argument is that it focuses, not on ABFM's contacts *with* Texas, but on the *effects* of ABFM's conduct that, while incidentally felt in Texas, were likely also felt in the other 49 states in which ABFM certifies physicians. AAPS's unilateral choice to host a conference in Texas, and Dr. Hanson's unilateral choice to attend a conference in Texas, are "[r]andom, fortuitous, or attenuated contacts [that] are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

Plaintiffs also argue that "[i]nferable from the Amended Complaint and known to ABFM is how it revoked the board certification of a Texas physician on April 27, 2023, after this lawsuit was filed." Dkt. 78 at 5–6. Specifically, Plaintiffs refer the court to the twenty-ninth paragraph of their Amended Complaint to support that they have alleged that ABFM revoked the board certification of a Texas physician. *See id.* at 7 (citing Dkt. 66, ¶ 29). That paragraph reads in full:

> Defendants [American Board of Internal Medicine ("ABIM")] and ABFM have purposefully targeted their actions against physicians who reside and practice in Texas, including speakers and attendees of AAPS conferences held in Texas, in order to suppress viewpoints, censor statements at AAPS's conferences, and harm physicians' reputations and practices, all in Texas. These communications by the Board Defendants have included letters expressly written to the addresses of Texas physicians and sent by these Defendants for the targeted physicians to receive in Texas.

Dkt. 66 at 11–12.

Nothing in that paragraph leads to the reasonable inference that ABFM revoked a Texas physician's certification on April 27, 2023. But even if it did, Plaintiffs fail to explain how the revocation of an unidentified Texas physician's certification—a physician *who is not a party to this lawsuit*—relates to *Plaintiffs'* claims. AAPS does not contend that this unidentified physician's speech was chilled or that this physician refused to attend or cancelled their registration at an AAPS conference.

Perhaps recognizing no relation between ABFM's contacts with Texas and their claims, Plaintiffs instead focus their response brief on "conspiracy

jurisdiction," arguing that "[u]nder the co-conspirator theory, personal jurisdiction extends over distant co-conspirators such as ABFM." Dkt. 78 at 7. Specifically, Plaintiffs contend that a September 9, 2021 joint statement that ABFM issued with ABIM "joins ABFM at the hip of ABIM for the causes of action here based in antitrust law, state action doctrine, and tortious interference." *Id.* at 10. The joint statement supported the Dallas-based Federation of State Medical Boards' position that physicians may be subject to suspension or revocation of their medical licenses for providing misinformation about the COVID-19 vaccine. I will assume, for the sake of argument, that ABIM—a non-profit organization headquartered in Philadelphia, Pennsylvania—is itself subject to personal jurisdiction in Texas. Even so, ABFM's joint statement with ABIM is not a sufficient basis to establish personal jurisdiction over ABFM.

"[Plaintiffs] appear to believe that their civil conspiracy claim is enough to establish personal jurisdiction over [ABFM]. There is no authority from [the Fifth Circuit] supporting [this] belief." *Chow v. United States*, No. 20-30503, 2021 WL 3438365, *2 (5th Cir. Aug. 5, 2021). The Fifth Circuit has "implicitly recognized that personal jurisdiction over one defendant conspirator is not sufficient to establish personal jurisdiction over a nonresident coconspirator." *Id.* "[B]are allegations of conspiracy without factual support do not suffice to establish minimum contacts for personal jurisdiction purposes." *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 666 n.16 (5th Cir. 2004). Personal jurisdiction must be based on a defendant's individual contacts with the forum "and not as part of [a] conspiracy." *Delta Brands, Inc. v. Danieli Corp.*, 99 F. App'x 1, 5 (5th Cir. 2004). Accordingly, to establish that this court has personal jurisdiction over ABFM, Plaintiffs must show that the alleged conspiracy was "related to or arose out of [ABFM]'s contacts with Texas." *Id.*

In considering ABFM's personal jurisdiction challenge, I take as true "that ABFM certifies physicians in Texas"; has "targeted [its] actions against physicians who reside and practice in Texas"; and that ABFM issued a September 9, 2021 joint

6

statement with ABIM warning physicians that they may be subject to suspension or revocation of their medical licenses for providing misinformation about the COVID-19 vaccine. Dkt. 78 at 8 (quotation omitted). But these facts do not "raise a reasonable expectation that discovery will reveal evidence of *illegal* agreement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (emphasis added). The joint statement suggests only that private medical certification organizations reached an agreement about an issue of medical ethics. Nothing about that agreement is *illegal*. And nothing before me supports that any conduct by ABFM in connection with the alleged conspiracy was "related to or arose out of [ABFM]'s contacts with Texas." *Delta Brands*, 99 F. App'x at 5. All Plaintiffs have offered is "an allegation of parallel conduct and a bare assertion of conspiracy," which "will not suffice." *Twombly*, 550 U.S. at 556. Plaintiffs cannot impute any other defendants' contacts with Texas to ABFM. Accordingly, Plaintiffs cannot establish that ABFM is subject to personal jurisdiction in Texas.

## CONCLUSION

For the reasons discussed above, I recommend that ABFM's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 72) be granted and Plaintiffs' claims against ABFM be dismissed without prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 11th day of July 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE